Jimmie Lee PACE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 57311.

Supreme Court of Missouri,
Division No. 2.

April 9, 1973.

James L. Barry, Jefferson City, for movant-appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

DANIEL T. TILLMAN, Special Judge.

This is an appeal from an order denying relief to Movant on his Motion to Vacate Judgment and Sentence under Rule 27.26 V.A.M.R. We affirm.

Movant and two others (Warfield and Morgan) were charged in Cole County in 1968 with First Degree Robbery of the Holiday Inn.

On November 18, 1968, Movant and Defendant Morgan were afforded a preliminary hearing. Movant was not represented by counsel at the preliminary hearing, and the transcript of the magistrate court does not show any counsel being appointed for Movant at the aforesaid preliminary hearing. One defendant, Warfield, waived his preliminary hearing.

An Information was filed in the circuit court charging Movant with Robbery under the Habitual Criminal Act. Attorney John Bond, Central Trust Building, Jefferson City, was appointed and represented Movant at the arraignment, plea, and sentencing.

A short time prior to April 30, 1969, defendant, Morgan, who stayed in the car during the robbery, was convicted by a jury and received a ten-year sentence.

Movant, on April 30, 1969, entered a plea of guilty to the charge of First Degree Robbery, and, after interrogation, he

received a sentence of ten years imprisonment.

Movant filed a Motion to Vacate Judgment and Sentence on November 3, 1970, under Rule 27.26, and filed an amended motion on June 23, 1971. An evidentiary hearing was held June 23, 1971, before the Honorable Samuel E. Semple, Special Judge. On July 8, 1971, the trial court made findings of fact and conclusions of law, denied relief, and Movant has appealed to this Court.

The appeal having been taken to this Court prior to January 1, 1972, the effective date of new Article V of the Constitution, we have jurisdiction pursuant to then Article V, § 3, of the Missouri Constitution, V.A.M.S.

Appellant's first point on appeal is that the Court erred in failing to appoint legal counsel for him at his preliminary hearing.

In support of this proposition, Appellant argues as follows: (1) that he did not cross-examine witnesses; (2) that he was unfamiliar with the strategy of pinning down the testimony of witnesses; and (3) that there was no court reporter present.

We hold that these contentions do not entitle Movant to relief. The preliminary hearing was held November 18, 1968. The holding of this Court at that time was that a preliminary hearing is not a critical stage of the proceeding, and a defendant does not have constitutional right to counsel at this preliminary hearing where nothing appears in the record to show that defendant was prejudiced by lack of counsel. State v. Ussery, 452 S.W.2d 146 (Mo. 1970); Sallee v. State, 460 S.W.2d 554 (Mo.1970); and Crosswhite v. State, 426 S.W.2d 67 (Mo.1968).

On June 22, 1970, the United States Supreme Court in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, constitutionally required the states to afford an accused an attorney at his prelimi-nary hearing. However, that constitutional requirement is not applicable to cases in which the preliminary hearing was held prior to June 22, 1970. The trial court correctly denied Appellant's Motion to Vacate Judgment and Sentence because of the failure to appoint legal counsel for Appellant at his preliminary hearing.

Appellant's second point on appeal is that of inadequate and ineffective counsel.

In support of this proposition Appellant argues as follows: (1) that his lawyer failed to fully explain and discuss the case, investigate the facts or research the law pertaining to his case; (2) that his lawyer was unfamiliar with § 556.280 RSMo; and (3) that his lawyer failed to investigate the facts of the case that formed the basis for the prosecution's use of the Habitual Criminal Act.

A review of the evidentiary hearing testimony of Attorney Bond disposes of the last point relied on by Appellant.

"CROSS-EXAMINATION

"BY MR. KINDER:

"Q   Mr. Bond, how long have you practiced law?

"A   Since 1934.

"Q   Thirty-seven years, then—thirty-six or thirty-seven years?

"A   Yes.

"Q   Is it fair to say that you have been an active trial practitioner?

"A   Yes.

"Q   Do you have any estimate how many cases you have tried, both criminal and civil, during the course of that time?

"A   Well, probably two or three criminal cases a year; several civil cases.

"Q   Are you a member of the American College of Trial Lawyers?

"A No.

"Q But you have had extensive trial practice? A Yes.

"Q You have represented both by appointment and for private fee criminal cases, haven't you?

"A Yes. My first law partner was quite a criminal lawyer and with him I tried many criminal cases, and some on my own, too.

"MR. KINDER: I don't believe I have any further questions. Thank you, sir."

A lawyer is presumed to be competent and a strong showing must be made to overcome this presumption. Attorney Bond testified that he had several conferences with Appellant and that he reviewed the law at the time he was handling the case; and that in the interviews he had with Mr. Pace there was certainly no indication of insanity in any manner.

█ The record supports this Court's finding that Appellant's appointed lawyer had more than thirty-six years of experience; that he consulted with Appellant on several occasions; that he negotiated a settlement of Appellant's case; that he was fully aware of all the facts and law applicable to Appellant; and that he discharged his professional responsibility to Appellant with skill.

There has been no showing by Appellant that his lawyer's representation was so woefully inadequate as to shock the conscience of the Court and make the proceeding a farce and mockery of justice. Garton v. State, 454 S.W.2d 522, 530 (Mo. 1970); and McQueen v. State, 475 S.W.2d 111 (banc Mo.1971).

The judgment is affirmed.

All of the Judges concur.